# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

LAWRENCE MILLS,

  *Plaintiff*,

v.

HARRISON BYCK and KASURI & BYCK, LLC,

  *Defendants*.

Civil Action No. 19-14349
(JMV) (MF)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

*Pro se* Plaintiff Lawrence Mills seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). As will be discussed below, however, the Court has real concerns as to whether Plaintiff will be able to sufficiently plead the required monetary threshold required to invoke diversity jurisdiction.

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Here, Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.[1]

---

[1] Based on his application, Plaintiff qualifies for *in forma pauperis*. See D.E. 1-2. However, Plaintiff did pay Defendants a $5,000 retainer, which appears to undercut his current claim of indigency. Nevertheless, the Court basis its decision on Plaintiff's current application.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S.

519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

In addition, to the sufficiency of the pleadings, this Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998). Here, Plaintiff invokes the diversity jurisdiction pursuant to 28 U.S.C. § 1332.

I. **Facts & Procedural History[2]**

*Pro se* Plaintiff is a resident of Silver Spring, Maryland. Compl. ¶ 1. Defendant Harrison Byck ("Byck") is a resident of Bensalem, Pennsylvania and works at the law office of Kasuri & Byck, LLC. *Id.* ¶ 2. Defendant Kasuri & Byck, LLC is a limited liability company with its principal place of business in Edison, New Jersey.[3] *Id.* ¶ 3.

On December 5, 2017, Plaintiff allegedly paid Defendants a $5,000 legal retainer "to file a lawsuit against the Golden Nugget." *Id.* ¶ 7. Plaintiff allegedly formed a contract[4] with Defendants that "clearly states that Byck was to bill against the retainer on an hourly basis." *Id.* ¶ 8. On September 12, 2018, Defendants requested an "additional retainer deposit" from Plaintiff amounting to $3,500 even though Defendants had not yet filed a lawsuit against the Golden Nugget. *Id.* ¶ 9. After Plaintiff emailed Byck on February 6, 2018 asking why a lawsuit

---

[2] The factual background is taken from the Complaint, D.E. 1 ("Complaint" or "Compl."). For the purposes of this screening pursuant to 28 U.S.C. § 1915(e)(2)(B) "the Court accepts as true all well-pleaded facts in the complaint." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] For purposes of diversity jurisdiction, the citizenship of a limited liability company "is determined by the citizenship of its members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Here, Plaintiff does not list the citizenship of the LLC's members, so the Court will assume, without deciding, that all members of the LLC are citizens of a different state than Plaintiff.

[4] The contract, an apparent retainer entitled "Legal Services Agreement," was not attached to the Complaint. *See* D.E. 1.

3

had not been filed, Byck allegedly responded a couple days later, "we can not [sic] move forward without the court filing fees and sheriff fees." *Id.* Plaintiff allegedly paid $330.75 to cover those costs. *Id.*

On February 22, 2019, Plaintiff claims to have requested a refund for the balance of the retainer. *Id.* ¶ 10. Defendants failed to respond. *Id.* Plaintiff then filed a fee dispute with the fee-arbitration committee for Middlesex County, and Byck responded that the retainer was "a 'flat fee' for doing research to determine whether a lawsuit should be filed."[5] *Id.* ¶ 11. Plaintiff alleges that Byck's response was inconsistent with their contract, titled "Legal Services Agreement" ("Agreement"), which stated, "Type of Legal Fee: Retainer to billed [sic] against at $450.00/hr." *Id.* Plaintiff believes that Defendants did not do any research on his case, since Plaintiff was never provided any work product. *Id.* ¶¶ 12-13. Plaintiff contends that the "purpose of the retainer was for Byck to actually litigate the case, and the contract clearly states he was hired to file the lawsuit, not merely to determine if a lawsuit should be filed." *Id.* ¶ 14. Defendants have allegedly refused to provide Plaintiff with a billing statement and to refund any of the unused $5,000 retainer." *Id.* ¶ 15. Plaintiff alleges that Defendants' "unlawful and tortious actions…were undertaken with actual malice." *Id.* ¶ 16.

Plaintiff filed his Complaint on June 25, 2019, listing seven counts: conversion (Count I); consumer fraud (Count II); common law fraud (Count III); unjust enrichment (Count IV); breach of contract (Count V); negligence (Count VI); and gross negligence (Count VII). D.E. 1 ¶¶ 18-56.

---

[5] It appears that the fee arbitration is ongoing. Of course, if Plaintiff is successful in the arbitration, he should be able to recover any relevant fees that were paid to Defendants.

## II. Subject Matter Jurisdiction

The threshold issue in this case is whether the Court has subject matter jurisdiction. Plaintiff seeks $75,000 in actual damages, $10,000 in treble and statutory damages, $75,000 in punitive damages, costs, and attorney's fees. *Id.* ¶ 57. However, it appears that his actual damages are, at most, $5,000 for the retainer he paid Defendants and the additional $330.75 he submitted for filing fees.

To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. Appx. 289, 292 (3d Cir. 2010). The Court must look at the Complaint at the time it was filed to determine the amount in controversy. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). "In reviewing the complaint, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Auto–Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d. Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Further, the amount in controversy is measured "by a reasonable reading of the value of the rights being litigated." *Id.*

Here, the Court has a real concern that Plaintiff does not meet the required amount in controversy. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). "[P]unitive damages and attorney's fees…may be aggregated with the compensatory damages when determining the amount in controversy." *Andrews v. Home Depot U.S.A., Inc.*, 2010 WL 5464303, at *3 (D.N.J.

5

Dec. 29, 2010) (citing *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007)). However, where punitive damages would "represent the bulk of any possible recovery to satisfy the amount in controversy requirement," courts have subjected those claims to "particularly close scrutiny." *Sacchi v. ABC Fin. Servs., Inc.*, 2014 WL 4095009, at *4 (D.N.J. Aug. 18, 2014) (citing *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3rd Cir.1993)). "The Third Circuit has held that when the claimed 'punitive damages [are] patently frivolous, without foundation because such damages are unavailable as a matter of law, that claim must be stricken from the amount in controversy.'" *Onyiuke v. Cheap Tickets, Inc.*, 2009 WL 5218064, at *3 (D.N.J. Dec. 31, 2009), *aff'd*, 435 F. App'x 137 (3d Cir. 2011) (quoting *Packard*, 994 F.2d at 1046) (internal quotation marks omitted).

Here, it appears to be a legal certainty that Plaintiff cannot recover the jurisdictional amount. As noted, from the face of the Complaint, it appears that Plaintiff's actual damages are at most $5,330.75. This amount is well below the jurisdictional requirement of over $75,000. While Plaintiff demands more, his Complaint does not set forth sufficient facts establishing that he has any realistic possibility of recovering such amounts. Thus, the Court dismisses Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction. Normally, the Court would dismiss the matter with prejudice, but since Plaintiff is proceeding *pro se*, the Court will give Plaintiff one additional opportunity to demonstrate that he can meet the jurisdictional amount.

### III. Sufficiency of the Allegations[6]

#### a. Count I – Conversion

Plaintiff alleges that Defendants "unlawfully converted the retainer for its own use and benefit...." *Id.* ¶ 28. Conversion is the "wrongful exercise of dominion or control over property

---

[6] Although the Court is dismissing the Complaint for lack of subject matter jurisdiction, it will analyze the following counts in the case that Plaintiff decides to amend his Complaint.

of another without authorization and to the exclusion of the owner's rights in that property." *City of Atl. City v. Zemnrray St. Capital, LLC*, 2017 WL 6638203, at *17 (D.N.J. Dec. 29, 2017) (quoting *Chicago Title Ins. Co. v. Ellis*, 409 N.J. Super. 444, 456 (App. Div. 2009)) (internal quotation marks omitted). Under New Jersey law, the elements of conversion are "(1) the existence of property, (2) the right to immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by defendant." *Id.*

Here, Plaintiff's right to immediate possession of the $5,000 depends on the parties' performance under the contract. However, without more information, including the contract at issue, the Court cannot determine whether this claim is sufficiently pled. "It is essential that the money converted by a tortfeasor must have belonged to the injured party." *Advanced Enterprises Recycling, Inc. v. Bercaw*, 376 N.J. Super. 153, 161 (App. Div. 2005) (quoting *Commercial Ins. Co. of Newark v. Apgar*, 111 N.J. Super. 108, 115 (Law Div. 1970)) (internal quotations omitted). Accordingly, the Complaint does not plausibly allege conversion, and thus, Count I is dismissed without prejudice.

### b. Count II – Consumer Fraud

Plaintiff brings a claim for consumer fraud under the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1 *et seq*. To state a claim under NJCFA, N.J.S.A. § 56:8-1 *et seq.*, "a plaintiff must allege '1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between' the two." *Hassler v. Sovereign Bank*, 374 Fed. Appx. 341, 343 (3d Cir. 2010) (quoting *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009)). However, "[p]rofessional services, such as attorney's services, are not actionable under the NJCFA." *Harnish v. Widener Univ. Sch. of Law*, 931 F. Supp. 2d 641, 650 (D.N.J. 2013) (citing to *Vort v. Hollander*, 257 N.J. Super. 56, 62 (N.J. Super. Ct. App. Div. 1992) ("[A]ttorney's

7

services do not fall within the intendment of the Consumer Fraud Act.")). Therefore, Count II is dismissed with prejudice.

### c. Count III – Common Law Fraud

Plaintiff also brings a claim for common law fraud. Stating a claim for common law fraud requires a plaintiff to allege "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Eberhart v. LG Elecs. USA, Inc.*, 188 F. Supp. 3d 401, 408 (D.N.J. 2016) (quoting *Banco Popular N. Am. V. Gandi*, 876 A.2d 253, 260 (N.J. 2005)) (internal quotation marks omitted)). Fraud must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). *See Frederico*, 507 F.3d at 200 (3d Cir. 2007).

Here, Plaintiff alleges that Defendants "made a material misrepresentation when Kasuri & Byck, LLC offered to litigate a lawsuit at an hourly rate, billed against a $5,000 retainer." Compl. ¶ 38. Plaintiff also generally alleges that Defendants had knowledge or belief of the falsity of the claim; that the material misrepresentation was made to him with the intention that he rely on it; that subsequently he reasonably relied on Defendants; and that as a result, there was a financial loss of $5,000. *Id.* However, pursuant to Rule 9(b), the circumstances of fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b). The Third Circuit has interpreted this Rule to require plaintiffs "plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999). Therefore, Plaintiff fails to meet the NJCFA's heightened pleading requirement, and Count III is dismissed without prejudice.

#### d. Count V – Breach of Contract

Plaintiff alleges that he had a valid contract with Defendants. Compl. ¶¶ 11, 44. Stating a claim for breach of contract under New Jersey law requires a plaintiff to allege "(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002). In interpreting a contract, a court must determine the intention of the parties as revealed by the language in the agreement. *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 483 (2016)). To this end, the plain language of the contract is ordinarily the best indicator of the parties' intent. *Chubb Customs Ins. Co. v. Prudential Ins. Co. of Am.*, 195 N.J. 231, 238 (2008) (citation omitted).

Plaintiff alleges that the parties entered into the Agreement, thus satisfying the first element. Compl. ¶¶ 11, 44. Plaintiff further alleges that Defendants breached the contract "by charging [Plaintiff] $5,000 as a flat rate rather than the hourly rate specified in the Contract" and "by refusing to provide a billing statement or refund of the unearned retainer upon request." *Id.* ¶¶ 45-46. This satisfies the second element of a breach of contract claim. In satisfaction of the third element, Plaintiff alleges this breach has caused him to lose his $5,000 retainer, among other damages. *Id.* ¶ 17. Finally, Plaintiff satisfies the fourth element by alleging performance of his own contractual duties, including the payment of $5,000. *Id.* ¶ 47. Accordingly, Plaintiff plausibly pleads a breach of contract claim, and thus, Count V is otherwise sufficiently stated.

#### e. Count IV – Unjust Enrichment

Plaintiff also sets forth a claim for unjust enrichment. "To state a claim for unjust enrichment, a plaintiff must allege (1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for

it." *Adamson v. Ortho-McNeil Pharm., Inc.*, 463 F. Supp. 2d 496, 505 (D.N.J. 2006). "Quasi-contract liability will not be imposed when a valid, unrescinded contract governs the rights of the parties." *Duffy v. Charles Schwab & Co.*, 123 F. Supp. 2d 802, 814 (D.N.J. 2000). "Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that 'the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.'" *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (quoting *Nelson v. Xacta 3000 Inc.*, 2009 WL 4119176, at *3 (D.N.J. Nov. 24, 2009)). Furthermore, New Jersey's doctrine of unjust enrichment serves to protect a party's interest where an adequate remedy does not exist at law and equity demands restitution. *Cooper v. Samsung Elecs. Am., Inc.*, 2008 WL 4513924, at *9 (D.N.J. Sept. 30, 2008), *aff'd*, 374 F. App'x 250 (3d Cir. 2010).

Here, Plaintiff has properly plead unjust enrichment, seeing that Defendants' "retention of Plaintiff's money without having earned the retainer is unjust." Compl. ¶ 41. In *Bobst N. Am. v. EC3, LLC*, 2018 WL 2175773, at *3 (D.N.J. May 11, 2018), the Court noted that the plaintiff could not recover on both a contract theory and a theory of unjust enrichment. As seen above, Plaintiff alleges that a valid contract exists between the parties. *Id.* ¶¶ 11, 44. Nevertheless, at the pleading stage, a plaintiff can assert claims in the alternative. As a result, Count IV is sufficiently pled.

### f. Counts VI & VII – Negligence and Gross Negligence

Plaintiff brings claims for negligence (Count VI) and gross negligence (Count VII) against Defendants. "Negligence involves a breach of a duty of care that causes injury." *Roccisano v. Twp. of Franklin*, 2013 WL 3654101, at *11 (D.N.J. July 12, 2013) (citing *Weinberg v. Dinger*, 106 N.J. 469, 484 (1987)). Thus, "to succeed on a negligence claim, a

plaintiff must show: (1) a duty of care, (2) a breach of that duty, (3) causation, and (4) actual damages." *Id.* (citing *Weinberg*, 106 N.J. at 484). "With regard to a claim of gross negligence, the difference between gross and ordinary negligence is one of degree rather than of quality." *Smith v. Kroesen*, 9 F. Supp. 3d 439, 442 (D.N.J. 2014) (quoting *Fernicola v. Pheasant Run at Barnegat*, 2010 WL 2794074, *2 (N.J. Super. Ct. App. Div. July 2, 2010)) (internal quotations omitted). "Gross negligence refers to behavior which constitutes indifference to consequences." *Id.* (quoting *Griffin v. Bayshore Medical Center*, 2011 WL 2349423, *5 (N.J. Super. Ct. App. Div. May 6, 2011)).

Here, Plaintiff alleges that Defendants "had a duty to train and supervise their employees as to how to manage client retainers and abide by contractual agreements." Compl. ¶ 50. Defendants allegedly breached this duty by "improperly training, hiring, and/or supervising its employees[,]" *id.*, and proximately caused Plaintiff "to lose thousands of dollars, and suffer mental anguish and suffering; outrage, and…otherwise expose[] [Plaintiff] to great inconvenience and harm[,]" *id.* ¶ 51. Based on these assertions, Plaintiff appears to allege claims of negligent hiring, supervision, and/or training.

To state a claim for the torts of negligent hiring or supervision, Plaintiff must allege that "(1) the employer knew or had reason to know that its employee was unfit, incompetent, or dangerous, and that those qualities created a risk of harm to other persons; and (2) because of the employer's negligent hiring or supervision, the employee's unfitness, incompetence, or dangerous characteristics proximately cause [sic] the plaintiff's injuries." *Capers v. FedEx Ground*, 2012 WL 2050247, at *3 (D.N.J. June 6, 2012). Here, Plaintiff fails to sufficiently allege that Defendants knew or had reason to know any of the employees were unfit, incompetent, or dangerous.

To state a claim for negligent training, Plaintiff must allege that "(1) the defendant owed a duty of care to the plaintiff to properly train its employees, (2) defendant breached that duty of care, (3) defendant's breach was the proximate cause of plaintiff's injury, and (4) defendant's breach caused actual damages to plaintiff." *Brijall v. Harrah's Atlantic City*, 905 F. Supp. 2d 617, 621 (D.N.J. 2012) (citing *Stroby v. Egg Harbor Twp.*, 754 F. Supp. 2d 716, 721 (D.N.J. 2010)). Here, Plaintiff conclusory alleges that Defendants breached their duty of care "by improperly training" their employees. Compl. ¶ 50. Although Plaintiff argues "[t]here was no basis whatsoever for Defendants keep [sic] Plaintiff's entire retainer as a flat fee for merely doing research[,]" *id.*, Plaintiff provides an insufficient factual basis to support its claim that Defendants improperly trained any of the employees.

Thus, Plaintiff does not plausibly plead his negligence claim. Due to the Court's "dismissal of Plaintiff['s] negligence claim, the claim for gross negligence must necessarily be dismissed as well. Gross negligence differs from negligence only in degree, not in kind." *Graddy v. Deutsche Bank*, 2013 WL 1222655, at *3 (D.N.J. Mar. 25, 2013) (citing *Monaghan v. Holy Trinity Church*, 646 A.2d 1130, 1133 (N.J. App. Div. 1994)). Accordingly, Counts VI and VII are dismissed without prejudice.

### IV. Leave to Amend

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. Because Plaintiff is proceeding *pro se* and is entitled to a more relaxed standard of review than if he was represented by counsel, the Court will grant him an opportunity to amend his pleadings and plausibly state his remaining allegations. Additionally, the Court requests that

Plaintiff inform the Court of the outcome of his pending fee arbitration in Middlesex County as soon as it is resolved.

Accordingly, for the foregoing reasons, and for good cause shown,

**IT IS** on this 24th day of July, 2019,

**ORDERED** that the Clerk of the Court is directed to file the Complaint, D.E. 1, without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is otherwise **DISMISSED without prejudice** for lack of subject matter jurisdiction. In addition, a number of counts are not sufficiently pled; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice. If the matter is dismissed with prejudiced, Plaintiff will not be able to sue the Defendant/s in the future based on the allegations in the Complaint[7]; and it is further

**ORDERED** that the Clerk's Office shall deliver a copy of this Opinion & Order to Plaintiff by regular mail and by certified mail return receipt.

John Michael Vazquez, U.S.D.J.

---

[7] The Court notes that if Plaintiff does not believe that he can sufficiently allege the jurisdictional amount, Plaintiff should notify the Court that he wishes to dismiss the current matter. This will give Plaintiff the opportunity to potentially refile this action in state court if he so chooses.